UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JOSEPH LANOUE, on behalf of himself and all other
persons similarly situated,

                              Plaintiff,                            **AMENDED COMPLAINT**

      -against-

ROSS ACQUISITION, LLC d/b/a ROSS CENTER FOR
NURSING AND REHABILITATION, ROSS OPCO LLC
d/b/a ROSS CENTER FOR NURSING AND REHABILIATION,
DEENA LANDA, JOEL LEIFER, AVI PHILIPSON, BENT
PHILIPSON, and PERETZ STEIN,                      *Collective Action*

                              Defendants.
------------------------------------------------------------------------X

      Plaintiff, JOSEPH LANOUE ("Plaintiff"), on behalf of himself and all other persons similarly situated, by and through his counsel, the Romero Law Group PLLC, complaining of the Defendants, ROSS ACQUISITION, LLC d/b/a ROSS CENTER FOR NURSING AND REHABILITATION ("Ross Acquisition"), ROSS OPCO LLC d/b/a ROSS CENTER FOR NURSING AND REHABILITATION ("Ross Opco"), DEENA LANDA ("Landa"), JOEL LEIFER ("Leifer"), AVI PHILIPSON ("A. Philipson"), BENT PHILIPSON ("B. Philipson"), and PERETZ STEIN ("Stein," together, with Ross Acquisition, Ross Opco, Landa, Leifer, A. Philipson, and B. Philipson, as "Defendants"), alleges as follows:

## NATURE OF THE CLAIM

      1.    Plaintiff brings this action to recover unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and any other claim(s) that can be inferred from the facts set forth herein.

      2.    Plaintiff brings this lawsuit against the Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of

all other persons similarly situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' willful violations of the FLSA.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under 29 U.S.C. § 201, *et seq*.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claims occurred within the Eastern District of New York.

## THE PARTIES

5. Plaintiff is a resident of the County of Suffolk, State of New York.

6. At all times relevant, Plaintiff was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e).

7. At all times relevant, Defendant Ross Acquisition is and was a domestic business corporation doing business at 839 Suffolk Avenue, Brentwood, New York 11717, and an address for service of process of 20 Franklin Place, Woodmere, New York 11598.

8. At all times relevant, Defendant Ross Acquisition was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to tools, paper, pens, medications, medical equipment, healthcare machines and equipment, receipt papers, and other tools, equipment, and materials, all of which undoubtably traveled in interstate commerce, and accepted payment from credit cards and other moneys that originate from out of New York State.

9. At all times relevant, Defendant Ross Acquisition was and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

10. At all times relevant, Defendant Ross Opco is and was a domestic limited liability company doing business at 839 Suffolk Avenue, Brentwood, New York 11717.

11. At all times relevant, Defendant Ross Opco was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to tools, paper, pens, medications, medical equipment, healthcare machines and equipment, receipt papers, and other tools, equipment, and materials, all of which undoubtably traveled in interstate commerce, and accepted payment from credit cards and other moneys that originate from out of New York State.

12. At all times relevant, Defendant Ross Opco was and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

13. Upon information and belief, at all times relevant, Defendant Landa is and/or was an owner, member, and/or manager of Ross Acquisition, had authority to make payroll and personnel decisions for Ross Acquisition, was active in the day to day management of Ross Acquisition, including the payment of wages to Plaintiff and determining what wages were paid to Plaintiff, and is liable to Plaintiff as an "employer" within the meaning of the FLSA.

14. Upon information and belief, at all times relevant, Defendant Leifer is and/or was an owner, member, and/or manager of Ross Acquisition, had authority to make payroll and personnel decisions for Ross Acquisition, was active in the day to day management of Ross Acquisition, including the payment of wages to Plaintiff and determining what wages were paid to Plaintiff, and is liable to Plaintiff as an "employer" within the meaning of the FLSA.

15. Upon information and belief, at all times relevant, Defendant A. Philipson is and/or was an owner, member, and/or manager of Ross Acquisition, had authority to make payroll and personnel decisions for Ross Acquisition, was active in the day to day management of Ross Acquisition, including the payment of wages to Plaintiff and determining what wages were paid to Plaintiff, and is liable to Plaintiff as an "employer" within the meaning of the FLSA.

16. Upon information and belief, at all times relevant, Defendant B. Philipson is and/or was an owner, member, and/or manager of Ross Acquisition, had authority to make payroll and personnel decisions for Ross Acquisition, was active in the day to day management of Ross Acquisition, including the payment of wages to Plaintiff and determining what wages were paid to Plaintiff, and is liable to Plaintiff as an "employer" within the meaning of the FLSA.

17. At all times relevant, Defendant Stein is and/or was an owner, chief executive officer, and/or manager of Ross Opco, had authority to make payroll and personnel decisions for Ross Opco, was active in the day to day management of Ross Opco, including the payment of wages to Plaintiff and determining what wages were paid to Plaintiff, and is liable to Plaintiff as an "employer" within the meaning of the FLSA.

18. Throughout Plaintiff's employment, Defendants Ross Acquisition and Ross Opco each were successive variations of entities operating as the same business.

19. Beginning in or around 2023, upon information and belief, Defendant Ross Acquisition changed its name to, or began operating under the name of Ross Opco LLC. At all times, the corporate Defendants operated under the assumed name of Ross Center for Nursing and Rehabilitation.

20. At all times relevant, Defendants Ross Acquisition and Ross Opco both had in excess of twenty employees.

21. At all times Relevant, Defendants Ross Acquisition and Ross Opco both operated from and shared the same principle place of business, located at 839 Suffolk Avenue, Brentwood, New York 11717.

22. At all times relevant, Defendants Ross Acquisition and Ross Opco employed the same individuals for their management and supervisory team.

23. At all times relevant, Defendants Ross Acquisition and Ross Opco employed the same individuals – or similar individuals due to normal employee turnover – for their employees and staff.

24. At all times relevant, Defendants Ross Acquisition's and Ross Opco's employees performed substantially identical jobs with substantially identical duties, under substantially the same working conditions.

25. At all times relevant, Defendants Ross Acquisition and Ross Opco performed identical work and services.

26. At all times relevant, Defendants Ross Acquisition and Ross Opco provided services and products for the same or similar clientele.

27. At all times relevant, Defendants Ross Acquisition's and Ross Opco's general business operations and business model were identical in all respects.

28. At all times relevant, Defendants Ross Acquisition and Ross Opco utilized all of the same employment and compensation practices, paid Plaintiff in the same manner, and used the same payroll company to process its payroll.

29. At all times relevant, Defendants Ross Acquisition and Ross Opco utilized all of the same equipment, machinery, tools, and methods of production to provide their services to their clients.

30. At all times relevant, both Defendants Ross Acquisition and Ross Opco operated successful businesses with numerous employees.

31. At all times relevant, Ross Acquisition and Ross Opco are identical corporations in all respects other than utilizing new corporate names.

32. Alternatively, beginning in or around 2023 until the end of Plaintiffs' employment, Defendants Ross Acquisition and Ross Opco are two corporations that operate as a common enterprise. Alternatively, beginning in or around 2023 until the end of Plaintiffs' employment, Defendants Ross Acquisition and Ross Opco, in all respects, operate as a single enterprise as if they were one and the same. Alternatively, beginning in or around 2023 until the end of Plaintiffs' employment, Defendants Ross Acquisition and Ross Opco share interrelated operations, a centralized control of labor relations, common financial control within their businesses, and share a common facility at their mutual principal place of business at 839 Suffolk Avenue, Brentwood, New York 11717.

## FACTS

33. Defendants own and operate a nursing and rehabilitation center located at 839 Suffolk Avenue, Brentwood, New York 11717, which provides healthcare and rehabilitation services to patients from across Long Island.

34. Plaintiff was employed by Defendants as a registered nurse from in or about April 2013 until November 2024. Plaintiff's primary job duties included providing healthcare and medical assistance to patients.

35. Upon information and belief, Defendants Ross Acquisition, Landa, Leifer, A. Philipson, and B. Philipson owned and operated the nursing and rehabilitation center from in or

6

about June 2016 through on or around 2023, and Defendants Ross Opco and Stein owned and operated the nursing and rehabilitation center from on or about 2023 through the present.

36. Throughout his employment, Plaintiff regularly worked more than 40 hours per workweek. Plaintiff regularly worked five or six days per week: each Monday through Friday from 11:00 p.m. until 7:00 a.m. or later the following day, and every other Saturday from 11:00 p.m. until between 7:00 a.m. or later the following day.

37. As a result of this schedule, Defendants required Plaintiff to work, and he regularly did work in excess of forty-two and one-half hours most weeks throughout his employment with Defendants. Thus, throughout his employment, Defendants regularly required Plaintiff to work, and he did in fact work, in excess of forty hours virtually every week.

38. Despite typically being scheduled to work five days per week, Plaintiff was called into work every other Saturday. Additionally, Plaintiff often had to stay up to an hour later during his scheduled shifts waiting for other workers to relieve him.

39. Throughout the relevant period, in exchange for his work, the Defendants compensated Plaintiff at his regular hourly rate of pay of $45.00 for all hours worked each week, including those worked in excess of forty each week.

40. Thus, Defendants failed to pay Plaintiff premium overtime pay at a rate not less than one and one-half times his regular rate of pay for the hours that he worked in excess of 40 hours each workweek.

41. Defendants willfully disregarded and purposefully evaded the record keeping requirements of the FLSA by failing to record the actual number of hours worked by Plaintiff each week.

42. Defendants failed to display notices in the workplace regarding federal minimum wage and overtime requirements.

43. Defendants treated and paid Plaintiff and the putative collective action members in the same or similar manner.

## COLLECTIVE ACTION ALLEGATIONS

44. At all times relevant, Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, plans and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing to pay them overtime pay for hours worked in excess of forty (40) hours each week.

45. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interests in bringing this action.

46. Plaintiff seeks to proceed as a collective action with regard to the First Claim for Relief, pursuant to 29 U.S.C. §216(b) on behalf of himself, individually, and the following similarly situated employees:

> All non-exempt persons who are currently, or have been, employed by the Defendants as a non-exempt, hourly paid employee including as a registered nurse, licensed practical nurse, and/or in a similarly situated position, at any time during the three (3) years prior to the filing of their respective consent forms.

47. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and

addresses are readily available from the Defendants. These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the Defendants.

## FIRST CLAIM FOR RELIEF
## (FAIR LABOR STANDARDS ACT – UNPAID OVERTIME WAGES)

48. Plaintiff and FLSA Collective Action Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

49. Defendants employed Plaintiff and FLSA Collective Action Plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff and Collective Action Plaintiffs for their time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times their regular rate, in violation of the FLSA.

50. Defendants' violations of the FLSA as described in this Complaint have been willful. Therefore, a three-year statute of limitations applies pursuant to 29 U.S.C. §255.

51. As a result of Defendants' unlawful acts, Plaintiff and each Opt-In Plaintiff is entitled to recover from Defendants unpaid overtime compensation in an amount to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i) Issuing an order restraining Defendants from any further retaliation against Plaintiff and FLSA Collective Action Plaintiffs for participation in any form in this litigation;

9

(ii) Issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and supporting regulations;

(iii) Awarding unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

(iv) Designating this action as an FLSA collective action on behalf of the Plaintiff and FLSA Collective Action Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective Action Plaintiffs apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

(v) Awarding post-judgment interest as permitted by law;

(vi) Awarding attorneys' fees and costs incurred in prosecuting this action; and

(vii) Such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
June 11, 2025

                                              ROMERO LAW GROUP PLLC
                                              490 Wheeler Road, Suite 277
                                              Hauppauge, New York 11788
                                              Tel.: (631) 257-5588

                                              */s/ Matthew J. Farnworth*
By:    _____
                                              MATTHEW J. FARNWORTH, ESQ.
                                              PETER A. ROMERO, ESQ.